## JOHN T. CAREY *v.* HONOLULU IRON WORKS COMPANY, AN HAWAIIAN CORPORATION.

### No. 1805.

FILED JUNE 8, 1928.                    DECIDED JULY 16, 1928.

BANKS AND PARSONS, JJ., AND CIRCUIT JUDGE STEADMAN IN PLACE OF PERRY, C. J., ABSENT.

*Per Curiam.* The defendant requests a rehearing because it thinks this court erred in stating in the original opinion that "there is no denial that the plaintiff's injuries were caused solely by the negligence of Kuhns in operating the truck." The defendant says in connection

with this statement: "On this subject an examination of the evidence and of the instructions will show that there was a denial of the negligence on the part of Kuhns and that said question was bitterly contested in the trial court, although the question of the negligence of Kuhns was not raised in this court." We were only concerned with the questions that were presented to us and inasmuch as the defendant concedes that the question of Kuhns' negligence was not presented in this court we think we were entirely correct in saying that there was no denial (meaning, of course, that there was no denial in this court) that plaintiff's injuries were caused solely by the negligence of Kuhns in operating the truck.

The defendant also predicates its motion on the following statement contained in the original opinion: "It was contended by the defendant in the court below and is contended here that when Kuhns turned from King into Alakea street for the purpose of going to the Union Trust Company building to transact his own business he thereby, as a matter of law, completely abandoned the defendant's business and was therefore wholly engaged in his own business when the accident occurred. If this thesis is sound the defendant is not liable in this action. The court below thought it unsound and refused instructions requested by the defendant directing the jury to return a verdict in its behalf." The defendant seems to think this statement is incorrect and therefore entitles it to a rehearing because the lower court, in overruling the motion for a directed verdict, said, "There is no question in the mind of the court that the sole purpose of employee Kuhns in entering the Union Trust Company building was to accomplish his own private business disconnected with his employment."

There is nothing in the quotation from the court below that indicates that it believed, as a matter of law, that

*at the time the plaintiff was injured* Kuhns had completely abandoned his master's business and was engaged solely in business of his own. If such had been its belief it certainly would have given and not refused the defendant's instruction directing the jury to return a verdict in behalf of the defendant.

The other grounds of the motion are that this court misconstrued the cases that were cited in the briefs and therefore reached a wrong conclusion of the law. We examined these cases with great care and still think our conclusions were correct.

The motion is denied without argument under the rule.